

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

December 5, 1975

The Honorable Bevington Reed
Commissioner
Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H- 747

Re: Contractual authority of
the Coordinating Board, Texas
College and University System,
with respect to the cancellation
of educational loans.

Dear Dr. Reed:

Section 52.40 of the Texas Education Code was enacted by the Legislature
in 1975. It empowers the Coordinating Board to cancel the repayment of all or
part of certain student loans from the Texas Opportunity Plan Fund (extended by
authority of article 3, sections 50b and 50b-1 of the Texas Constitution) if the
persons receiving the loans become employed by particular state agencies for
particular lengths of time. The constitutionality of the measure was considered
in Attorney General Letter Advisory No. 90(1975).

Your letter to us notes that the 64th Legislature appropriated no money to
the Texas Opportunity Plan Fund to off-set the loss of money borrowers would
otherwise pay to the Fund if the loans were not cancelled. You are particularly
concerned about the effect of such cancellations on Texas College Student Loan
Bonds to be repaid from the Texas Opportunity Plan Fund, and ask if the Board
may enter contracts to cancel loans in the absence of an effective legislative "off-
set" appropriation.

We do not think a legislative "off-set" appropriation is critical. The Con-
stitution itself, in subsection (c),article 3, section 50b, appropriates money in
these words:

> While any of the bonds, or interest on said bonds
> authorized by this Section is outstanding and un-
> paid, there is hereby appropriated out of the first
> monies coming into the Treasury in each fiscal
> year, not otherwise appropriated by this Constitu-
> tion, an amount sufficient to pay the principal and

> interest on such bonds that mature or become
> due during such fiscal year, less the amount in
> the sinking fund at the close of the prior fiscal
> year.

The Constitutional provision does everything that a legislative act could do to "off-set" a potential loss of income to the Fund insofar as the protection of bondholders is concerned.  It automatically appropriates every year the full amount necessary for the retirement of bond indebtedness during the year.  Cf. Lightfoot v. Lane, 140 S.W. 89 (Tex. Sup. 1911); Attorney General Constitutional Advisory No. 6(1974).

We are, therefore, of the opinion that the Coordinating Board may enter into cancellation contracts whether or not a legislative "off-set" appropriation has been made.  Further, the Board would not be authorized to require that contract terms be in  any way dependent upon a legislative "off-set" appropriation because in our opinion the statute does not contemplate such a contractual requirement. Subsection (c) of section 52.40 of the Texas Education Code mandatorily states:

> The legislature shall appropriate to the Texas
> Opportunity Plan Fund an amount equal to the
> loans and interest cancelled pursuant to the pro-
> visions of this section.

However, the availability to students of loan cancellation contracts is not made contingent on a legislative appropriation.

You also ask if a cancellation contract may be made between the Board and an otherwise eligible borrower whose beginning repayment date has been delayed until after September 1, 1975, the effective date of section 52.40.  The beginning repayment date for student loans may fall after September 1 either because the student's original loan repayment obligation begins after that date or because the beginning repayment date has been extended by the Board (pursuant to section 52.38 of the Texas Education Code) due to unusual financial hardship, military service, Peace Corps service, or other special circumstance.

Section 52.40 reads, in pertinent part:

> (a)  The board may cancel the repayment of a
> loan received by a student who earns [certain

professional degrees] and who is employed by
[certain state agencies] prior to the date on
which repayment of the loan is to commence.

The statute expressly sets up only two eligibility criteria: (1) the student borrower must have earned one of the professional degrees named, and (2) he must be employed by one of the named agencies prior to the date on which repayment of the loan is to commence. In our opinion there is no express or implied requirement in section 52.40 that would negate the authority of the Board found in section 52.38 of the Education Code, to exercise discretion in extending beginning repayment dates. See 53 Tex. Jur. 2d, Statutes § 185. We believe the two sections should be read together and we answer the question in the affirmative: cancellation contracts may be made with such persons if they are otherwise eligible.

## SUMMARY

The Coordinating Board, Texas College and University System, may enter into student loan cancellation contracts pursuant to section 52.40, Texas Education Code, even in the absence of legislative "off-set" appropriations, and may not contractually make cancellations dependent upon them. Student borrowers if otherwise eligible are eligible for cancellation contracts if the beginning repayment dates of their loan are subsequent to September 1, 1975.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: